PEOPLE v DEMPS

Docket No. 140198. Submitted September 16, 1992, at Lansing. Decided October 20, 1992, at 9:05 A.M.

Sabrina A. Demps pleaded guilty in the Jackson Circuit Court, Gordon W. Britten, J., of bringing a controlled substance into a correctional facility while visiting an inmate. The defendant was arrested after a search of the inmate she visited yielded marijuana. A postarrest search of the defendant's purse also yielded marijuana. She appealed.

The Court of Appeals *held:*

The search and seizure of the defendant's purse was not illegal. Several notices posted at the correctional facility warned visitors that they were subject to searches and would be prosecuted for bringing alcohol, drugs, or weapons into the facility. Also, the search was lawful as one incident to an arrest.

Affirmed.

SEARCHES AND SEIZURES.— PRISONS — VISITORS.

A search of a visitor at a prison is reasonable where notices posted on the prison grounds warn that visitors are subject to search and will be prosecuted for bringing alcohol, controlled substances, or weapons into the prison and visitors can avoid a search by choosing not to proceed with their visits (MCL 800.281[3]; MSA 28.1621[3]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

*Luther W. Glenn, Jr.,* for the defendant on appeal.

REFERENCES

Am Jur 2d, Penal and Correctional Institutions § 80; Searches and Seizures § 21.

Fourth Amendment as protecting prison visitors against unreasonable searches and seizures. 69 ALR Fed 856.

Before: MacKenzie, P.J., and Weaver and Mc-Donald, JJ.

Per Curiam. Defendant entered a conditional plea of guilty of bringing a controlled substance into a correctional facility, MCL 800.281(3); MSA 28.1621(3). A count of delivery of a controlled substance (marijuana) and an habitual offender charge were dropped in exchange for her plea. Defendant was sentenced to six months of probation and six months in the county jail. She appeals as of right and we affirm.

Defendant claims her conviction should be reversed because the search and seizure that resulted in the conviction was illegal. Defendant was arrested after she visited an inmate in a correctional facility. During the visit, which was videotaped, the inmate put his hand into defendant's dress pocket and then into his pants. The inmate was searched immediately following the visit and was found to have a bag of marijuana on him. Defendant was then arrested. The record indicates that after the arrest, consistent with their routine, officers obtained defendant's purse from the visitors' locker where she had left it. Marijuana was found in the purse.

Under the circumstances of this case, we find no clear error in the decisions of the district court and the circuit court finding no violation of defendant's Fourth Amendment rights. The record indicates that several notices posted on the prison grounds warned visitors that they were subject to search and would be prosecuted for bringing alcohol, drugs, or weapons into the prison. A search of a prison visitor is reasonable where the visitor is aware of the possibility of the search and can avoid it by choosing not to proceed with the prison

visit. *People v Whisnant,* 103 Mich App 772; 303 NW2d 887 (1981). Moreover, the search of defendant's purse took place after she was arrested for smuggling contraband; it was valid as a search incident to her arrest. See *In re Forfeiture of United States Currency,* 164 Mich App 171, 176-177; 416 NW2d 700 (1987).

Affirmed.